NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WINFORD L. SULLIVAN,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2011-3220

---

Petition for review of the Merit Systems Protection Board in case no.DA0752100348-I-1.

---

Decided: February 13, 2012

---

WINFORD L. SULLIVAN, of Tulsa, Oklahoma, pro se.

JANE C. DEMPSEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges*.

PER CURIAM.

Winford L. Sullivan appeals from the Merit Systems Protection Board (Board) decision affirming the United States Postal Service's (USPS's) removal action. *Sullivan v. U.S. Postal Serv.*, No. DA-0752-10-0348-I-1, slip op. at 9 (M.S.P.B. July 12, 2011). For the reasons discussed below, we *affirm*.

BACKGROUND

Mr. Sullivan was employed by the USPS. In January 2009, he requested leave under the Family and Medical Leave Act (FMLA). In support of his request, Mr. Sullivan submitted a physician's certification that he suffered from frequent and painful attacks of gout in his feet and ankles that would require his absence from work for five to ten days every month in 2009. A USPS committee, including the FMLA coordinator, reviewed the certification and decided to exercise the agency's right to obtain a second medical opinion.

In February 2009, USPS sent Mr. Sullivan a letter notifying him that he was required to obtain a second medical evaluation to determine whether his condition qualified as a serious health condition under the FMLA. The letter instructed Mr. Sullivan when and where to report for the examination and advised him that failure to appear could result in the denial of his FMLA request. Mr. Sullivan did not report for the examination.

In March 2009, USPS informed Mr. Sullivan that his failure to appear was considered a failure to act in good faith, but gave him an opportunity to explain his absence. He claimed that he did not receive the letter notifying him of the medical examination. The FMLA coordinator did not find Mr. Sullivan's reason credible because she had

confirmed delivery of the letter. The FMLA coordinator notified Mr. Sullivan that the conditional approval of his FMLA leave pending the second medical examination had been withdrawn, and that any further requests for FMLA leave in 2009 would be denied.

Mr. Sullivan nonetheless submitted six to seven additional FMLA leave requests in 2009 and approximately fourteen FMLA leave requests in 2010. All the requests were denied for failure to show entitlement to FMLA leave. Mr. Sullivan was disciplined twice in 2009, including a letter of warning and seven-day suspension for failure to maintain regular attendance and a fourteen-day suspension for failure to comply with agency leave regulations. From September 2009 through February 2010, Mr. Sullivan accrued forty-four unscheduled absences for which he did not follow agency leave-requesting procedures. In March 2010, USPS notified Mr. Sullivan of his proposed removal for failure to comply with the agency's leave regulations.

Mr. Sullivan appealed his removal to the Board. The administrative judge (AJ) found that he failed to request leave in advance and did not comply with the agency's leave-requesting procedures on forty-four occasions. Mr. Sullivan testified that he never received the letter regarding the second medical evaluation, but the AJ found that this claim lacked credibility. The AJ stated that Mr. Sullivan was on "clear notice" that unscheduled absences could result in disciplinary action. The AJ also found that the deciding official considered all relevant mitigating factors and that the agency's penalty was reasonable and promoted the efficiency of the service. Mr. Sullivan petitioned for review of the AJ's decision. The full Board denied Mr. Sullivan's petition for review and he now appeals to our court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Mr. Sullivan argues that the Board erred by affirming the removal decision because it failed to evaluate whether USPS followed required procedures regarding his FMLA leave requests and adequately accounted for his gout. We disagree. The Board thoroughly considered Mr. Sullivan's contention that he should have been granted FMLA leave for his absences and found that USPS met its burden of proving compliance. Under FMLA, an agency is permitted to seek clarification of an employee's medical certification or require the employee to obtain a second or third medical opinion at the agency's expense. 29 C.F.R. § 825.307(a)-(c). After reviewing the evidence, including testimony by the FMLA coordinator and by Mr. Sullivan's supervisor, the Board found that USPS notified Mr. Sullivan that he was required to attend a second opinion medical evaluation and that he failed to comply. The Board further found that Mr. Sullivan's testimony regarding his absence was not credible.

As a result, we hold that substantial evidence supports the Board's determination that USPS met its burden of proving compliance with FMLA, and thus that USPS did not violate Mr. Sullivan's rights by withdrawing approval of FMLA leave for his gout condition. Moreover, we hold that substantial evidence supports the Board's decision affirming Mr. Sullivan's removal based on his failure to comply with agency leave regulations. Because Mr. Sullivan has not shown that the

Board's decision affirming his removal was arbitrary, capricious, an abuse of discretion, or obtained without procedures required by law, we affirm.

## AFFIRMED

### COSTS

No costs.